DENNIS, Justice.*
Defendant Amon G. Hill was charged by bill of information with driving while intoxicated, third offense, La,. R.S. 14:98(D). He filed a motion to quash the bill based upon the lack of proper Boykinization at his two previous DWI guilty pleas. The motion was denied by the trial court and defendant entered a plea of guilty, reserving his right to appeal. See State v. Crosby, 338 So.2d 584 (La. 1976). Defendant was sentenced to three years imprisonment without hard labor. His sentence was suspended and he was placed on supervised probation for a period of five years with the special condition that he serve one year in jail.
Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable and (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence. State v. John L. Jones, 404 So.2d 1192 (La.1981).
In the present case, the defendant was not advised of his privilege against self-incrimination, or of his right to confront his accusers at the time he entered his guilty plea in connection with one of the prior DWI convictions used to convert his subsequent misdemeanor into a felony. Accordingly, we are required to set aside the defendant’s conviction of driving while intoxicated, third offense, La. R.S. 14:98(D), the defendant’s underlying guilty plea, and the defendant’s sentence herein.
The case is remanded to the trial court for further proceedings not inconsistent with this opinion.
CONVICTION AND SENTENCE VACATED AND CASE REMANDED.

 Honorables E. L. Guidry, Jr., G. William Swift, Jr. of the Court of Appeal, Third Circuit, and Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore joined by Associate Justices Calogero, Dennis, Watson and Lem-mon.