408 So.2d 1220 (1982)
STATE of Louisiana
v.
William Lee MOORE, Jr.
No. 81-KA-0439.
Supreme Court of Louisiana.
January 25, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Thomas M. Yeager, Asst. Dist. Atty., for plaintiff-appellee.
James S. Gravel, of Gravel, Schley & Van Dyke, Alexandria, for defendant-appellant.
CALOGERO, Justice.[*]
On January 12, 1981, defendant William Lee Moore, Jr., represented by counsel, entered a plea of guilty to operating a vehicle while intoxicated, third offense, in violation of La.R.S. 14:98(D) (DWI-3). Defendant, with the court's approval, conditioned his guilty plea on his right to appeal to this Court, under State v. Crosby, 338 So.2d 584 (La.1976), the issue of whether the court minutes showing his two prior guilty pleas to charges of violation of La.R.S. 14:98 could serve as a valid predicate for the present charge. Defendant was sentenced to one year in parish prison, subject to work release, and a $400.00 fine. Defendant appealed, urging the Crosby reservation.
On October 16, 1980, defendant was arrested by Alexandria City Police for driving while intoxicated. Based on two prior guilty plea convictions for DWI, one entered on March 24, 1977 to DWI-1 and the second entered on August 29, 1979 to DWI-2, defendant was charged as a third offender. Defendant appeared for trial on January 12, 1981, represented by counsel, and filed a motion to quash the previous guilty pleas. Subsequent to the trial court's denial of his motion and the court's ruling that evidence of his two prior DWI convictions could be introduced in the trial of defendant for third offense DWI, defendant withdrew his not guilty plea and entered a plea of guilty conditioned on his right to appeal the denial of the motion to quash. Defendant's appeal was lodged here on February 18, 1981.
On September 10, 1981, this Court rendered a Per Curiam opinion in State v. Jones, 404 So.2d 1192 (La.1981), in which the Court addressed the identical issues presented in this case. First the Court held that a defendant could make a conditional guilty plea, reserving his right to appeal *1221 from the alleged violation of his Boykin rights in using the two prior guilty plea based convictions to enhance the present charge against him. The Court further held that "whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and its consequences." Finally, it was held that the decision in Jones would be applicable to any case filed and pending at the time of its rendition.
Since the appeal in the present case was lodged here seven months before rendition of the Per Curiam opinion in State v. Jones, it is readily apparent that the Jones decision applies to this case. It is also clear, as was conceded by the state in brief, that under Jones the guilty plea taken on August 29, 1979 cannot be used to enhance the defendant's penalty, since the minutes do not reflect that the trial judge properly informed defendant of the rights he would be waiving by that misdemeanor guilty plea. Consequently, defendant's third offense DWI conviction and sentence must be set aside because the invalid 1979 conviction was an essential element thereof.

Decree
For the foregoing reasons, defendant's guilty plea to the charge of DWI-3 is set aside, as well as the resulting conviction and sentence, and the case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED.
WATSON, J., dissents. See State v. Jones, 404 So.2d 1192 (La.1981).
JOHN C. BOUTALL, J. Ad Hoc, dissents with reasons.
JOHN C. BOUTALL, Justice Ad Hoc, dissenting.
I dissent, being of the opinion that State v. Jones goes beyond constitutional rights and is overly solicitous of the prospective multiple offender who may choose to break the law at some future time. I adopt the dissent of Justice Watson therein.
NOTES
[*] Judges O. E. Price and Fred W. Jones of the Court of Appeal, Second Circuit and Judge John C. Boutall of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., James L. Dennis and Jack Crozier Watson.