412 So.2d 553 (1982)
STATE of Louisiana
v.
James C. STEPHENSON.
No. 81-KA-0500.
Supreme Court of Louisiana.
April 5, 1982.
*555 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Tommy J. Adkins, Dist. Atty., Joseph A. Cusimano, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Joe Bleich and Robert Shadoin, of Shadoin & Bleich, Ruston, for defendant-appellant.
DIXON, Chief Justice.
On May 23, 1979 defendant, James C. Stephenson, was charged by bill of information with driving while intoxicated, third offense, in violation of R.S. 14:98 D. He was tried by jury and found guilty as charged. The court sentenced him to two years imprisonment at hard labor, to pay a fine of $400 or to serve an additional sixty days in jail. The sentence was suspended and defendant placed on probation.
Defendant appeals his conviction asserting six assignments of error.
On the evening of March 31, 1979 Sergeant Steven Martin observed a van, traveling in a northerly direction on Tech Drive in Ruston, swerve repeatedly and cross the center lane several times. The police officer eventually succeeded in stopping the van, driven by defendant. Defendant was unsteady on his feet and had alcohol on his breath. As part of a field sobriety test, Sergeant Martin asked defendant to walk a straight line and to touch his nose with his finger. His speech was slurred and he exhibited difficulty understanding the instructions given by the officer.
Officer Martin arrested defendant and took him to the sheriff's office where Trooper Gregory Gossler administered a PEI test. Prior to administering the test, Trooper Gossler advised defendant of his constitutional rights and defendant signed the "rights" form. Trooper Gossler testified that the accused was unsteady on his feet, swaying, smelled of alcohol, had slurred speech and bloodshot eyes. This testimony was corroborated by Officer Bobby Richardson who was present at the scene and at the sheriff's office.
Assignment of Error No. 5
Defendant contends that the trial court erred in allowing minute entries of two prior convictions into evidence. A minute entry dated February 5, 1975 is objected to on the ground that it does not show a voluntary waiver by defendant of his constitutional rights prior to entry of the guilty plea. The minute entry states:
"98,565 State of Louisiana vs. James C. Stephenson
DRIVING WHILE INTOXICATED
The accused, being present with his counsel, Lewis Weinstein, the District Attorney amended the Bill of Information by deleting Count # 2. The accused, withdrew his former plea of not guilty and pled guilty to Driving While Intoxicated Count # 1 and was sentenced to pay a fine of $300.00 and costs or, in default thereof, to serve 30 days in jail."
In order for a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable and (c) his right to confront his accusers, and to make sure that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192 (La.1981); State v. Hill, 404 So.2d 966 (La.1981).
In the present case, the minute entry evidencing defendant's guilty plea to his first DWI offense does not show that he waived any of the constitutional rights enumerated above; this plea was used to convert his subsequent misdemeanor into a felony. Accordingly, defendant's conviction of driving while intoxicated, third offense, defendant's underlying guilty plea, and defendant's sentence herein must be set aside.[1]
*556 When it is clear from the verdict that the trial judge or jury necessarily found the elements of a lesser and included offense had been proved beyond a reasonable doubt, and the state, constrained by the double jeopardy clause, cannot seek anew a conviction on the greater offense, a remand for a new trial would serve no useful purpose. State v. Harveston, 389 So.2d 63 (La. 1980); State v. Byrd, 385 So.2d 248 (La. 1980). In this case, the verdict reflects that the jury necessarily found the elements of the lesser and included offense, DWI-2, had been proved beyond a reasonable doubt. The facts adduced at trial support the jury's finding that the accused was driving while under the influence of alcoholic beverages at the time of his arrest for DWI-3. Further, the state established a valid prior conviction for driving while intoxicated.[2]
Defendant raises five assignments of error regarding the trial on the charge of driving while intoxicated, third offense, none of which merit reversal.
Assignments of Error Nos. 1, 2 and 3
Defendant argues that the trial court erred in denying his motions for a mistrial because two police officers referred to oral inculpatory statements of defendant without a proper foundation having been laid by the prosecution.[3]
It is within the trial court's discretion to grant a mistrial if it believes that an admonition is insufficient to assure the accused a fair trial when prejudicial remarks (not listed in C.Cr.P. 770) have been voiced. *557 C.Cr.P. 771; State v. Jones, 395 So.2d 751 (La.1981); State v. Turner, 392 So.2d 436 (La.1980); State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Hegwood, 345 So.2d 1179 (La.1977). The proper remedy for a witness' unsolicited references is admonition. State v. Jones, supra at 755. In light of the trial court's admonition to the jury to disregard the remarks and the subsequent ruling that the statement was admissible, no prejudice resulted to defendant.
These assignments lack merit.
Assignment of Error No. 4
Defendant contends that the trial court erred in ruling that statements given by defendant to Trooper Gossler were voluntary and therefore admissible.
The admissibility of an inculpatory statement depends upon proof that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, inducement or promises. State v. Jones, supra. Voluntary and spontaneous statements are admissible even though Miranda warnings have not been given. See State v. Kersey, 406 So.2d 555 (La.1981); State v. Robinson, 384 So.2d 332 (La.1980). The trial judge's conclusions on voluntariness will not be overturned on appeal unless unsupported by the evidence. State v. Jones, supra; State v. Manning, 380 So.2d 46 (La.1980); State v. Gaines, 354 So.2d 548 (La.1978). The trial court's conclusion that defendant made a spontaneous and unsolicited statement to Trooper Gossler is amply supported by the record.
This assignment lacks merit.[4]
Assignment of Error No. 6
Defendant asserts that a remark made by the assistant district attorney during closing argument which allegedly referred to defendant's failure to testify was so prejudicial that a mistrial was warranted.
A reference to the accused's failure to take the stand mandates a mistrial. C.Cr.P. 770(3); State v. Valentine, 375 So.2d 1378 (La.1979); State v. Marcello, 375 So.2d 94 (La.1979). To warrant a mistrial, the inference must be plain that the remark was intended to bring to the jury's attention the failure of the defendant to testify. State v. Schouest, 351 So.2d 462 (La.1977); State v. Frank, 344 So.2d 1039 (La.1977); State v. Reed, 284 So.2d 574 (La.1973). In this case, the prosecutor's statements were a permissible reference to a weakness in the defense theory of the case, namely, the failure of the defense to introduce any PEI test results which were impliedly favorable to defendant.
This assignment lacks merit.
For these reasons, the conviction of driving while intoxicated, third offense, is set aside and the sentence is vacated; the case is remanded to the district court with instructions to enter a judgment of guilty of driving while intoxicated, second offense, and to sentence defendant accordingly.
BLANCHE, J., concurs and assigns reasons.
WATSON, J., dissents.
BLANCHE, Justice (concurring).
With regard to the majority's application of Byrd, I have dissented in the past and think the practice is wrong; nonetheless, I feel constrained to accept it at this time.
NOTES
[1] In State v. Jones, supra at 1196, future application of that case was explained:

"Our decision will be fully applicable to this case and any other case filed and presently pending in this court involving the issue presented herein. In all other cases, however, we will apply our holding to guilty pleas entered after this decision becomes final."
The present case was filed and pending in this court when State v. Jones was decided; therefore, State v. Jones is applicable. It does not matter that the challenged guilty plea was entered in 1975, long before the opinion in State v. Jones was rendered.
[2] The defense objects to the minute entry showing defendant's conviction for driving while intoxicated, second offense, on the ground that it does not show on its face that the conviction was final. The entry states: "102,581 State of Louisiana vs. James C. Stephenson

DRIVING WHILE INTOXICATED SECOND OFFENSE
This case having been regularly set for trial, the defendant being present with his counsel Lewis Weinstein, case was taken up for trial. The District Attorney orally amended Count No. 2 of the Bill of Information to read `February, 1975', instead of `February, 1976'. On request of the State, the witnesses were sequestered and evidence of the State was adduced and closed. Counsel for the defendant made an Oral Motion for Directed Verdict and said oral motion was argued, submitted, and overruled. Evidence of the defendant was adduced and closed and all evidence concluded. Case was submitted without argument and defendant found guilty as charged. Whereupon, the Court sentenced the defendant to pay a fine of $300.00 and costs or in default thereof, to serve 30 days in jail, and in addition, to serve one-hundred twenty five (125) days in jail. Counsel for the defendant made an Oral Motion to apply to the Supreme Court of Louisiana for Writs of prohibition, mandamus, and certiorari, and said oral motion was granted, and the Court allowed the defendant until September 24, 1976 in which to apply for said writs. Counsel for the defendant made an Oral Motion to Stay Proceedings and said oral motion was submitted without argument and granted. The Court ordered the defendant released on his same bond pending further proceedings."
The entry demonstrates a prior conviction as required by R.S. 14:98 D; this argument lacks merit.
[3] During the direct examination of Sergeant Martin, the following exchange took place:

"Q. Did uh, you question the defendant as to what he had been doing prior to the time you had stopped him?
A. Yes sir.
Q. And what did the defendant say?
A. He was uh, well, I administered a alcohol influence report form. Gave him one of those and there were several different things that he said he had been doing.
Q. Do you specifically recall anything he said he had been doing the last two or three hours before you stopped him?
A. Drinking ..."
Later in the trial, the state called Trooper Gossler, the officer who administered the PEI test. During his testimony on direct, another reference to defendant's statement was brought out:
"Did you make any observations about the defendant, James C. Stephenson, his speech, his eyes or any other of these physical characteristics?
Yes sir. I did. While the defendant was extremely cooperative while dealing with me at all times, he had a very strong order (sic) of alcoholic beverage on or about his person. He indicated to me that he had consumed a number of ..."
[4] Defendant also argues that the notice given by the prosecution of its intent to introduce oral inculpatory statements is insufficient. The notice provides in part:

"At 7:36 pm March 31, 1979 at the Lincoln Parish Sheriff's Office in Ruston, La., James C. Stephens (sic) stated to Patrolman Bobby Richardson, Sgt. S. T. Martin and Tfc. Greg Gossler that between 5:00 pm and 7:00 pm March 31, 1979 he had been drinking beer and that he had drank (sic) 6 to 8 bottles of beer."
The notice given sufficiently apprised defendant of the time, place and person to whom the statements were made. C.Cr.P. 768; State v. Qualls, 353 So.2d 978 (La.1977).