GARRISON, Judge.
The defendant, Milton Carson, was charged by bill of information with operating a vehicle while intoxicated, a violation of LSA-R.S. 14:98. He was also charged with being a third offender of this violation. Prior to trial, the defendant waived his right to a jury trial and filed a motion to quash the bill of information. In this motion, the defense challenged certain sentencing provisions of this statute as well as the validity of the State’s use of the defendant’s two predicate convictions in charging the defendant as a third offender. The trial judge denied the first portion of this motion and took the other portion under advisement. After trial on the merits, the trial judge granted part of the second portion of the defendant’s motion to quash and prohibited the State from using one of the defendant’s two prior convictions for driving while intoxicated in order to charge defendant as a third offender of this statute. No decision was rendered by the trial court as to the defendant’s guilt or innocence for the instant offense. The State applied for writs with this court urging that the trial judge’s ruling on the second portion of the motion to quash be reversed. However, this court denied the State’s writs in this case after determining that the State had an adequate remedy by appeal. This appeal followed.
The main issue of this case is: If the State wishes to use a former D.W.I. conviction of the defendant for enhancement purposes and this conviction occurred prior to the applicable date of the requirements of State v. Jones, 404 So.2d 1192 (La.1981), must the State show that, prior *308 to the entry of the guilty plea by the defendant which resulted in that conviction, the defendant had been adequately advised of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)? The Jones decision held that whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence. State v. Jones, supra, at 1196. See also State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La.1971). In the Jones opinion, the Louisiana Supreme Court specifically ruled that this decision was applicable only to those cases which involved the same issue and which were then filed and pending in the appellate court. In all other cases, however, the court held that its ruling would apply prospectively to guilty pleas entered after its decision in Jones became final.[1]
In the instant case, the defendant, while represented by counsel, pled guilty to a violation of LSA-R.S. 14:98 on April 23, 1981.[2] No appeal was filed or pending at the time Jones was finalized on September 24, 1981. Therefore, the requirements of Jones are inapplicable to this case and this otherwise valid guilty plea may be used for enhancement purposes. State v. Lewis, 421 So.2d 227 (La.1982).
Because the trial court erred in granting, in part, the defendant’s motion to quash, we reverse that decision of the trial court and remand this case for further proceedings.

REVERSED AND REMANDED.

. The Jones decision was rendered on September 10, 1981 and became final on September 24, 1981 when the delay for applying for rehearing expired and no application had been made. LSA-C.Cr.P. art. 922(B).

. The defendant also pled guilty to a violation of LSA-R.S. 14:98 on May 3, 1984. However, this plea was found to be constitutionally adequate and is not at issue in this appeal.