527 So.2d 1018 (1988)
STATE of Louisiana
v.
Milton J. CARSON.
No. 87 KA 1452.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Rehearing Denied June 24, 1988.
*1019 William R. Campbell, Atty. for State of La., New Orleans, Walter Reed, Dist. Atty., Covington, for appellee.
James H. Looney, Office of Indigent Defender, Covington, for appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Milton J. Carson[1] (defendant) was charged by bill of information[2] with operating a vehicle while intoxicated. LSA-R.S. 14:98. The bill of information stated that the offense was defendant's "fifth offense" and listed four previous convictions. After the trial court denied his motions to suppress evidence and to quash the bill of information, defendant withdrew his original plea of not guilty and entered a conditional plea of guilty to fourth offense operating a vehicle while intoxicated, LSA-R.S. 14:98(E), reserving his right to appeal the denial of the motions referred to above. State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to imprisonment at hard labor for a term of ten years to run concurrently with a sentence for third offense operating a vehicle while intoxicated which defendant was then serving. Defendant has appealed, urging four assignments of error. Defendant briefed only assignments two and four, and in brief expressly abandoned assignments one and three.
The evidence introduced at the suppression hearing revealed that at about 12:10 a.m. on March 10, 1985, Louisiana State Trooper Glen Nobles stopped the vehicle defendant was driving on a two-lane highway (La. Hwy. 11) in St. Tammany Parish; that earlier, defendant's vehicle had almost run head-on into Nobles' police unit; that when defendant got out of his vehicle, Nobles observed that he was very unsteady on his feet and had to keep his hand on his vehicle to maintain his balance; that Nobles smelled alcohol about defendant's breath when he talked to defendant; that Nobles advised defendant of his constitutional rights and gave him a field sobriety test, during which defendant swayed and staggered; that defendant told Nobles he had consumed five or six beers and felt he was intoxicated; and that a P.E.I. test administered at the scene showed defendant had a blood-alcohol content of .13%.
ASSIGNMENTS OF ERROR NOS. TWO AND FOUR
Defendant contends that the trial court erred by denying his motion to quash the bill of information. He argues that each of the prior convictions listed in the bill of information was defective and cannot be used as a predicate offense to support his conviction as a fourth offender.
*1020 In order for a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable, and (c) his right to confront his accusers. The judge also must ascertain that the accused understands what the plea connotes and its consequences. State v. Stephenson, 412 So.2d 553 (La.1982); State v. Jones, 404 So.2d 1192 (La.1981). This rule applies to guilty pleas entered after September 24, 1981, the date State v. Jones became final. State v. Moore, 416 So.2d 1298 (La.1982). It is the state's burden to show that the defendant's guilty plea was taken in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that the defendant expressly and knowingly waived his rights. State v. Santiago, 416 So.2d 524 (La.1982); State v. Ayres, 509 So.2d 763 (La.App. 2d Cir.1987).
Additionally, an uncounseled D.W.I. conviction may not be used to enhance punishment on a subsequent offense, absent a knowing and intelligent waiver of counsel. State v. Wiggins, 399 So.2d 206 (La.1981); State v. Franklin, 337 So.2d 1152 (La.1976). Before the trial court can accept a defendant's waiver of counsel, the record must indicate the court attempted to determine defendant's literacy, competency, understanding, and volition. State v. LaFleur, 391 So.2d 445 (La.1980).
In order to enhance a penalty, the jurisprudence requires the state to affirmatively prove that the defendant had the benefit of counsel or waived counsel and that he received a full Boykin colloquy. The state may rely upon either the transcript of the plea of guilty or the minute entry. State v. Bland, 419 So.2d 1227 (La. 1982). While a colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensable when the record contains some other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984).
The four prior offenses set forth in the bill of information were listed in the following order:
(1) A May 3, 1984, guilty plea to D.W.I. in Slidell City Court bearing docket number 18333X;
(2) An April 23, 1981, guilty plea to D.W.I. in Slidell City Court under docket number 7249X;
(3) A January 22, 1981, guilty plea to D.W.I. in the Twenty-Second Judicial District Court bearing docket number 82966; and
(4) An October 3, 1986, guilty plea to D.W.I. in Orleans Criminal District Court under docket number 306-278.
PREDICATE OFFENSE NUMBER ONE
In regard to the May 3, 1984, guilty plea to D.W.I. in Slidell City Court the state introduced into evidence certified copies of the bill of information, the pertinent minute entry dated May 3, 1984, and a waiver-of constitutional-rights-upon-entry-of-guilty-plea form signed by defendant.[3] The certified copy of the minutes shows that defendant was advised of his constitutional rights in conformity with State v. Jones; and defendant concedes in brief that the minute entry reflects that he was properly advised of his rights. However, defendant disputes that he was actually given those rights and contends that the trial court erred by refusing to listen to a tape recording of his Boykin hearing on the May 3, 1984, plea.
The record reflects that when defense counsel sought to have the trial court listen to the tape recording of defendant's Boykin hearing, it refused to listen and noted that any error in the minute entry could not be corrected before the trial court. We find that the minute entry revealed defendant had been informed of his *1021 rights in conformity with State v. Jones, but since defendant challenged the accuracy of the minute entry, the trial court erred by refusing to listen to the tape to determine whether the minute entry was correct. Cf. State v. Bland, 419 So.2d at 1232; State v. Smith, 477 So.2d 875, 880 (La.App. 4th Cir.1985); State v. Murray, 436 So.2d 775, 779 (La.App. 4th Cir.1983). Accordingly, on remand, defendant shall be allowed to introduce into evidence, at a new hearing on the motion to quash, the tape recording of the Boykin hearing obtained from the Slidell City Court or a certified transcript thereof so the trial court can determine from the minute entry whether the requirements of State v. Jones were met as to the May 3, 1984, guilty plea.
PREDICATE OFFENSE NUMBER TWO
Since the April 23, 1981, guilty plea to D.W.I. was entered prior to the date State v. Jones became final and no appeal was filed or pending on that date, the requirements of Jones are inapplicable to that guilty plea. See State v. Moore, 416 So.2d 1298 (La.1982); State v. Carson, 495 So.2d 307 (La.App. 4th Cir.1986).[4] Because the requirements of Jones did not apply, defendant's assertion that the trial court erred by failing to allow him to introduce into evidence a tape recording of the guilty plea is meritless. Accordingly, the guilty plea was properly used as a predicate for enhancement.
PREDICATE OFFENSE NUMBER THREE
With respect to the January 22, 1981, guilty plea to D.W.I. which was uncounseled, we agree with the defendant's assertion that the certified copies of the pertinent minute entry and waiver-of-attorney form signed by defendant do not make a sufficient showing that defendant's counsel waiver was knowingly and intelligently entered. After carefully examining the documentary evidence introduced by the State, we find that the trial court erred by not granting defendant's motion to quash in regard to this guilty plea based upon the proof offered by the State.
PREDICATE OFFENSE NUMBER FOUR
As to the October 3, 1986, guilty plea to D.W.I., defendant argues that the state failed to show that the plea was entered into in compliance with the requirements of State v. Jones.
The record shows that the state introduced into evidence a certified copy of the pertinent minute entry of October 3, 1986. However, the minute entry reveals, in pertinent part, only that the trial court "informed [defendant] of his rights and the consequences of [his] plea." Because the documentary evidence introduced by the state does not specifically show that this guilty plea was entered in compliance with the requirements stated in State v. Jones, the trial court should have granted defendant's motion to quash this guilty plea based upon the proof offered by the state.
For the reasons stated, defendant's guilty plea is set aside, and his sentence is reversed. This case is remanded to the trial court for further proceedings in accordance with the views expressed herein.[5] Since the guilty plea and sentence are vacated, the state is not precluded from introducing further evidence at a new hearing on the motion to quash which might cure the defects noted herein.
REVERSED AND REMANDED.
*1022 CRAIN, J., concurs for the reasons assigned by LANIER, J.
LANIER, J., concurs and assigns reasons.
LANIER, Judge.
We concur in the result reached by the lead[1] opinion. However, we do not agree with the treatment of or the result reached in Predicate Offense # 3.
Whether a criminal defendant has knowingly and intelligently waived his constitutional right to counsel is a question which depends upon the particular facts and circumstances of each case. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Factors which should be considered are (1) the background, experience and conduct of the accused, (2) the seriousness of the charge (whether it is a felony or a misdemeanor) and (3) the nature of the accused's anticipated self-representation (whether he will defend a jury trial or a judge trial, or enter a plea of guilty). If an accused wished to waive counsel and personally defend himself in a felony jury trial, the record must show that he was advised by the trial court of the dangers and disadvantages of self-representation and he had sufficient literacy, competency and understanding to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Bell, 381 So.2d 393 (La.1980); State v. Dupre, 500 So.2d 873 (La.App. 1st Cir. 1986), writ denied, 505 So.2d 55 (La.1987). This jurisprudence has been extended to apply to cases where an accused wishes to waive counsel and plead guilty in felony cases. State v. LaFleur, 391 So.2d 445 (La.1980); State v. Hart, 472 So.2d 280 (La.App. 1st Cir.1985); State v. Nevels, 457 So.2d 1254 (La.App. 1st Cir.1984). However, it would be unrealistic and impractical to require such a showing where an accused is charged with a minor traffic misdemeanor and intends to plead guilty and pay a fine without the benefit of counsel.[2]
Predicate Offense # 3 was a first offense DWI, a misdemeanor. The defendant signed a waiver of counsel form which provided as follows:
I recognize that under the recent decision of the Supreme Court of the United States, I have the right to a Court appointed attorney as under the charge against me I could be imprisoned, I hereby specifically waive the right to have an attorney appointed by the Court to represent me.
The minute entry for the defendant's arraignment provides as follows:

The defendant being present in open Court and being charged with driving while intoxicated and his right to trial and representation by an attorney having been fully explained to him by the Court, he having signed a waiver of attorney herein, and after reading ot [sic] him the Bill of Information charging him with unlawfully did operate a motor vehicle on a public highway while under the influence of alcoholic beverages in violation of R.S. 14:98, entered a plea of guilty and the Court being satisfied that the defendant is fully aware of his rights, accepted the plea of guilty and the following sentence was imposed:
MILTON J. CARSON, having declared that he is 38 years of age and having plead guilty herein to driving while intoxicated, Court at this time fines him in the *1023 sum of $200. and costs or in default of fine and costs sentences him to serve a period of 90 days in the Parish Jail.
Further, the defendant is to be allowed to retain his driver's license and the Department of Public Safety is to be so notified. (Emphasis added.)
The waiver of rights form and the minute entry together show that the defendant had his right to counsel "fully explained to him by the Court" and the court was "satisfied that the defendant is fully aware of his rights." In our opinion, this shows a valid waiver of counsel for a guilty plea in a misdemeanor DWI case. State v. Baker, 471 So.2d 945 (La.App. 2nd Cir.1985).[3] If the defendant wished to assert he was not fully aware of his right to counsel, the burden was on him to present proof to rebut the specific statements in the court minutes to the contrary. Absent such proof he should not prevail.
Accordingly, we respectfully concur.
NOTES
[1] Defendant testified that his full name is Milton Joseph Carson.
[2] It bears Number 156903.
[3] A guilty-plea-rights-waiver form executed in open court by a defendant and complete in every detail, without minutes or a transcript of the colloquy between the judge and defendant, is not sufficient to show the knowing and voluntary waiver of the Boykin rights. State v. Baker, 471 So.2d 945 (La.App. 2d Cir.1985).
[4] In State v. Carson, 495 So.2d 307 (La.App. 4th Cir.1986), the Fourth Circuit examined the use of the April 23, 1981, guilty plea, in a case in which Milton Carson was charged with third offense D.W.I. in Orleans Criminal District Court, and found that the Jones requirements were inapplicable and that the guilty plea could be used to charge defendant as a third offender. We note that Carson dealt only with the propriety of the state's use of the April 23, 1981, guilty plea as a predicate for enhancement and not with any of the other predicate offenses used in the instant case.
[5] Defendant requests only that the grade of his conviction be reduced and the case be remanded for resentencing. However, the proper remedy upon reversal on a Crosby plea is to vacate the plea and sentence and remand for further proceedings. See, e.g., State v. Moore, 408 So.2d 1220 (La.1982). Defendant, therefore, is entitled to only a portion of the relief he requests.
[1] Judge Shortess' view on Predicate Offense # 3 is not a majority view.
[2] Pursuant to La.R.S. 32:641, in most parishes in Louisiana, a person charged with a traffic offense can pay a fine with a written plea of guilty executed and/or filed at the courthouse or parish jail (and thus avoid a court appearance). Most of these written pleas are done without benefit of counsel. What constitutes a valid waiver of counsel for such a plea? Such a plea could be used for enhancement purposes under La.R.S. 32:57. If such pleas are voidable because the records in such cases do not show that the trial court advised the defendants of the dangers and disadvantages of self-representation and/or the records do not show the literacy, competency and understanding of the accused, what impact will requiring a court appearance by all of these people have on the court system? How literate do you have to be to pay a traffic fine with a written plea at the sheriff's office? How many people would hire an attorney to help them do so anyway?
[3] See also the excellent dissent in State, City of Bossier City v. Walpole, 459 So.2d 172 (La.App. 2nd Cir.1984), writ denied, 462 So.2d 207 (La. 1985).