874 So.2d 152 (2004)
STATE of Louisiana
v.
James TOWNSEND.
No. 2004-K-0005.
Supreme Court of Louisiana.
April 23, 2004.
*153 PER CURIAM.
Granted. We assume for present purposes that the court of appeal correctly found that the documentary evidence introduced by the state at the habitual offender hearing to carry its initial burden under State v. Shelton, 621 So.2d 769 (1993), also carried the defendant's burden to make an "affirmative showing" of a procedural defect in his guilty plea in Texas because the documents omitted any mention of advice with respect to the privilege against self-incrimination. However, the court of appeal erred when it further concluded that the state had failed to carry its ultimate burden of persuasion under Shelton because it did not produce at the habitual offender hearing a perfect transcript or other proof that the Texas plea was nevertheless knowingly and voluntarily entered. Because the defendant did not specifically plead the apparent defect in the Texas plea the state was not placed on notice that it was required to produce additional contemporaneous documentary evidence supporting the voluntariness of the guilty plea. The decision of the court of appeal is therefore reversed and this case is remanded to the district court for purposes of reopening the habitual offender hearing to provide the state with the opportunity to demonstrate the voluntariness of the defendant's guilty plea despite the apparent defect revealed by the documentary evidence introduced at the first hearing. Cf. State v. Dorthey, 623 So.2d 1276, 1279 (La.1993)(principles of res judicata and double jeopardy do not apply to habitual offender hearings); State v. Hill, 340 So.2d 309, 313 (La.1976)(same).