967 So.2d 488 (2007)
STATE of Louisiana
v.
Ronald O. CLESI.
No. 2007-K-0564.
Supreme Court of Louisiana.
November 2, 2007.
PER CURIAM.
Granted. The court of appeal erred in vacating defendant's habitual offender adjudication and sentence on grounds that he carried his burden under this Court's decision in State v. Shelton, 621 So.2d 769 (La.1993), of showing an infringement of his rights in the taking of the guilty pleas. The appellate court specifically noted that the minutes introduced by the state at the habitual offender hearing to prove three of the prior convictions, although attesting in a general manner that defendant received his constitutional rights before entering his guilty pleas, did not indicate that defendant "was informed of each of his Boykin rights." State v. Clesi, 06-1250, pp. 9-10 (La.App. 1st Cir.2/14/07), 959 So.2d 957, 963-64 (emphasis added).
In Shelton, this Court held that once the state carries its initial burden at an habitual offender hearing of proving the existence of a defendant's prior guilty pleas and his representation by counsel or waiver of counsel, the burden shifts to the defendant "to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea." Shelton, 621 So.2d at 779. This aspect of Shelton has been incorporated in La.R.S. 15:529.1(D)(1)(b), 1993 La. Acts 896, which provides that a defendant who has alleged a constitutional deficiency in one or more of his prior convictions "shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by [his] response [to the state's habitual offender bill.]." Defendant "can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or *490 with other affirmative evidence." Shelton, 621 So.2d at 779, n. 24 (emphasis added). The state's own documentary evidence introduced to prove the fact of conviction may also satisfy the defendant's burden of production if it affirmatively reveals a Boykin defect in the proceedings. See State v. Townsend, 04-0005, p. 1 (La.4/23/04), 874 So.2d 152, 153 ("We assume for present purposes that the court of appeal correctly found that the documentary evidence introduced by the state at the habitual offender hearing to carry its initial burden under [Shelton] also carried the defendant's burden to make an `affirmative showing' of a procedural defect in his guilty plea in Texas because the documents omitted any mention of advice with respect to the privilege against self-incrimination.").
In the present case, the defendant's pro se written response and objection to the state's habitual offender bill stated that "he was not properly Boykinized at the hearing by which the alleged predicate convictions were obtained." He renewed that objection at the hearing. However, defendant's pre-hearing and mid-hearing objections did not constitute "affirmative evidence" of a defect in any of his prior guilty pleas. As applied to his habitual offender proceedings by Shelton, the presumption of regularity which attached to the minutes of his prior guilty pleas meant that the trial court could assume defendant received advice with respect to each of his Boykin rights until he proved otherwise.
The decision of the court of appeal is therefore reversed, defendant's adjudication and sentence as a fourth offender are reinstated, and this case is remanded to the trial court for execution of sentence.