EDWIN A. LOMBARD, Judge.
_JjThe defendant, Henry W. Golden, III, appeals his adjudication as a multiple offender. After review of the record in light of the applicable law and arguments of the parties, we affirm the defendant’s multiple offender sentence.

Relevant Facts and Procedural History

On November 18, 2010, the defendant was convicted of possession of cocaine, a violation of La.Rev.Stat. 40:967(0(2), and shortly thereafter, on December 1, 2010, he was sentenced to five years at hard labor with credit for time served. His appeal was lodged in this court on June 6, 2011, and his conviction and sentence were affirmed on May 23, 2012. See State v. Golden, 2011-0735, p. 1 (La.App. 4 Cir. 5/23/12), 95 So.3d 522, 525, writ denied, 2012-1393 (La.1/11/13), 106 So.3d 545, and writ denied, 2012-1417 (La.1/11/13), 106 So.3d 547.
The State filed a bill of information charging the defendant as a fourth offender on December 1, 2011, based on three previous convictions for possession of cocaine (1996, 2000, and 2006) in addition to the instant one. The multiple bill hearing was initially set for January 14, 2010, but due to several continuances did not take place until April 20, 2011. The trial judge took the matter under |2advisement, issuing a judgment on June 7, 2011, wherein the defendant was adjudicated (over his objections) as a fourth offender. The multiple offender sentencing date was originally set for August 2, 2011, but due to multiple continuances (and a change in the judge of Division “L” of Criminal District Court) did not take place until May 23, 2012. Based on the “the previous judge having found the defendant to be a fourth time multiple offender,”[1] the district court judge vacated the defendant’s previous sentence and resentenced him as a multiple offender to serve twenty years, with credit for time served, to run concurrently with any other sentences the defendant was serving.
The defendant appeals, arguing that the district court judge erred in adjudicating him a fourth offender based on the evidence produced by the State. After filing the brief on behalf of the defendant, appellate counsel filed a motion to withdraw as counsel of record. The State did not file an appellate brief.

*832
Applicable Law

La.Rev.Stat. 16:629.1(D)(l)(b) provides, in pertinent part, that for a defendant to receive an enhanced penalty as a multiple offender, “the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact.” Accordingly, the State must prove not only the prior felony conviction, but also must prove beyond a reasonable doubt that the defendant is the same person who committed the prior felony. State v. Brown, 2011-1656, p. 2 (La.2/10/12), 82 So.3d 1232, 1234. Various methods are recognized as sufficient to prove the defendant’s identity, including the testimony of witnesses, expert opinion as to fingerprints, and photographs contained in duly authenticated records. Id.
|sWhen, as in this case, the prior conviction is based upon a guilty plea, the State need only prove the existence of the prior guilty plea and that the defendant was represented by counsel when the plea was taken. State v. Shelton, 621 So.2d 769, 779-80 (La.1993). If the State sustains this burden, to shift the burden back to the State to prove the constitutionality of the plea, the defendant must produce some “affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.” Id. (emphasis added). This can be done by introducing a “perfect” transcript which reflects a colloquy between the district court judge and the defendant wherein the defendant was informed of and specifically waived Boykin[2] rights, i.e., his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers before pleading guilty. When the State “introduces anything less than a ‘perfect’ transcript, the trial judge must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proving that defendant’s prior guilty plea was informed and voluntary and made with an articulated waiver of his Boykin rights.” Shelton, supra; see also State v. Zachary, 2001-3191, p. 3 (La.10/25/02), 829 So.2d 405, 407 (“Under the court’s present jurisprudence, to use a prior guilty plea to enhance punishment under La. R.S. 15:529.1, the State need prove only the fact of conviction and that the defendant was represented by counsel (or waived counsel) at the time he entered his plea. Thereafter, the defendant bears the burden of proving a significant procedural defect in the proceedings.”); State v. Clesi, 2007-0564, pp. 1-3 (La.11/2/07), 967 So.2d 488, 489-90 (as applied to habitual offender proceedings by Shelton, the presumption of regularity which |4attaches to the minutes of a prior guilty plea means that the trial court may assume the defendant received advice with respect to each of his Boykin rights until he proves otherwise).

Discussion

On appeal, the defendant asserts that his multiple offender sentence as a fourth offender must be vacated because the State submitted insufficient evidence to support his 1996 guilty plea as a predicate offense for purposes of the multiple offender statute. First, he argues that “there are no other documents relating to the multiple offender adjudication in the record” except for the multiple offender bill of information and, therefore, “[because there are no documents in the record, this Honorable Court must vacate the lower' court’s finding that Mr. Golden is a multiple offender and remand the matter to the trial court.” This is simply incorrect; the five exhibits introduced by the *833 State at the multiple offender hearing are included in the appellate record.[3]
In the alternative, the defendant contends that the State’s evidence regarding his 1996 possession of cocaine guilty plea (Orleans Parish No. 374-115, State’s Exhibit 5 at the multiple offender hearing) is insufficient because (1) the State did not include a copy of the guilty plea form; (2) there is no fingerprint evidence linking the defendant to the conviction; and (3) the minute entry related to his guilty plea does not indicate, what rights, if any, of which the defendant was advised before entry of his guilty plea.[4] This is also incorrect.
| sPursuant to Shelton and Zachary, when a predicate conviction is based upon a guilty plea, the State need only prove the prior guilty plea and that the defendant was represented by counsel at the time he entered his plea. The State sustained this burden by submitting within State’s Exhibit 5: (1) copies of the bill of information; (2) the docket master; and (3) the minute entry related to the guilty plea. Notably, the minute entry of March 14, 1996, in Orleans Parish Case No. 374-115[5] provides as follows:
Defendant before the bar with counsel Attorney James C. Lawrence and changed his plea from not guilty to guilty. The defendant waived all rights and delays. Court sentenced the defendant to 3 years with the Department of Corrections (suspended), 3 years active probation, 500.00 to the JEF and drug testing. Defendant is given credit for time served and sentence is to run concurrent with any other sentence. State filed a motion for asset forfeiture. Set hearing on motion for asset forfeiture April 9,1996. [Emphasis added].
Accordingly, the State clearly established the existence of the prior guilty plea and that the defendant was represented by counsel at the time of the plea. Under Shelton and Zachary, the State is not required to produce the plea form, fingerprint evidence linking the defendant to the conviction, or indicate specifically which rights he was advised of before entry of his plea unless and until the constitutionality of the plea process is called into question. In other words, it is only when the defendant provides affirmative evidence that there was some infringement of his rights that the State must provide rebuttal proof that he was properly advised of his Boykin rights.
| (Appellate counsel argues that the cross-examination of Officer Joseph Pollard of the New Orleans Police Department (NOPD) wherein Officer Pollard agreed that the minute entry does not indicate that the defendant was personally advised of his rights constitutes “affirma *834 tive” proof of a “defect in the plea colloquy.” This is incorrect.
The silence in the minute entry as to which specific rights the defendant waived when he waived “all rights” is not affirmative evidence and, concomitantly, a police officer looking at the minute entry and agreeing with defense counsel that the minute entry is silent as to which specific rights were waived when the defendant waived “all rights” does not change the omission into the affirmative evidence required by Shelton, supra. Thus, in this case, the State proved the existence of the 1996 plea and that the defendant was represented by counsel; the defendant failed to come forward with any affirmative evidence that there was an infringement of his rights or a significant procedural irregularity and, accordingly, the burden never shifted back to the State to prove the constitutionality of the proceedings. Therefore, the absence of fingerprint evidence and/or the guilty plea form is not an issue. Notably, the defendant never suggests that he was not properly advised of his rights or that his 1996 plea was not knowingly and voluntarily entered. In addition, the record clearly indicates that he was represented by the same attorney in all four cases. Thus, even accepting ar-guendo that Officer Pollard’s agreement on cross-examination that the minute entry (which is in the record) is without specific information as to a plea colloquy constitutes requisite affirmative evidence, based on the record in this case and the presumption of regularity attached to court proceedings, see Clesi, 2007-0564, pp. 2-3, 967 So.2d at 490, the district court did not err in its determination that the State met its |7burden of proof and that the 1996 conviction is a predicate offense for purposes of the defendant’s multiple offender adjudication.

Conclusion

We find no merit in the defendant’s arguments on appeal and, accordingly, his multiple offender sentence is affirmed. Appellate counsel’s motion to withdraw is granted.
SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

. The docket master entry for that date erroneously states that the court of appeal, i.e., this court, "previously ruled that the defendant was a fourth offender,” but the transcript reveals that Judge Zibilich relied upon the previous ruling by Judge Terry Q. Alar-con.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. We do note that the record, as initially received from the district court, referred to but did not include a copy of the trial judge’s “ruling” or judgment adjudicating the defendant a multiple offender. Upon this court's request, the district court submitted a copy of the ruling to be included in the record.

. The defendant also contends that the minute entry for 374-115 fails to reflect the charge to which he pleaded guilty, “the felony cocaine charge or the misdemeanor marijuana charge.” However, the trial court imposed a three-year sentence, indicating that the defendant pleaded guilty to the felony cocaine charge. See La.Rev.Stat. 40:966(C); 40:967(C). Additionally, the defendant is charged with cocaine possession in the bill of information and the docket master reflects that the charge was for possession of cocaine.

.Appellate counsel incorrectly claims that, except for the bill of information, "there are no other documents relating to the multiple offender adjudication in the record.” The five exhibits introduced by the State at the multiple offender hearing are included in the record.