McDonald, j. I aThe defendant, James j. Spikés, Jr., was charged by bill of information with possession of contraband in a state correctional institution, a violation of LSA-R.S. 14:402. He pled not guilty and, after a jury trial, was found guilty as charged. The trial court sentenced the defendant to four years imprisonment at hard labor. The State filed a habitual offender bill of information based on the defendant’s prior convictions for illegal use of a weapon and possession of cocaine. After a hearing, the trial court adjudicated the defendant to be a third-felony habitual offender. The trial court vacated the previously imposed foür-year sentence and resentenced the defendant to eight years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant objected to the sentence as excessive. The defendant now appeals, designating one counseled assignment of error and one pro se assignment of error. We affirm the conviction, habitual offender adjudication, and sentence. FACTS On August 19, 2015, the defendant was an inmate housed at the- Washington Parish Jail. On that date, corrections officers conducted a cell' block ‘‘shake down,” wherein the cells were searched for contraband. During the searches, the inmates sat around tables in the day room. The defendant was sitting on one side of a table and another inmate was sitting across from him but with his back to the table. The other inmate leaned back and pushed a blanket over the surface of the table toward the defendant. The defendant then reached into his pocket, withdrew a cell phone, and placed it under the blanket. A corrections officer observed these actions and retrieved the cell phone. The incident was captured by a surveillance camera. The State then filed the instant charge against the defendant. COUNSELED ASSIGNMENT OF ERROR In his counseled assignment of error, the defendant argues that his eight-year sentence as a habitual offender is unconstitutionally excessive. Specifically, he Ucontends the trial court should have departed from the mandatory minimum sentence.[1] The Eighth Amendment to. the United States Constitution and Louisiana Constitution Article I, § 20 prohibit the imposition of gruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Andrews, 94-0842 (La. App. 1 Cir. 5/5/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. See State v. Holts, 525 So.2d 1241, 1245 (La. App. 1 Cir. 1988). Louisiana Code of Criminal Procedure article 894.1 sets forth the factors the trial court must consider when imposing sentence. While the trial court need not recite LSA-C.Cr.P. art. 894.1’s entire checklist, the record must reflect, the trial court adequately considered the criteria. State v. Brown, 02-2231 (La. App. 1 Cir. 5/9/03), 849 So.2d 566, 569. The goal of LSA-C.Cr.P. art. 894.1 is the trial court’s articulation of the factual basis for the sentence, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where the trial court has not fully complied with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475, 478 (La. 1982). The trial court should review the defendant’s personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See State v. Jones, 398 So.2d 1049, 1051-52 (La. 1981). On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Thomas, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam). In State v. Dorthey, 623 So.2d 1276, 1280-81 (La. 1993), the Louisiana Supreme Court opined that if a trial court were to find that the punishment mandated by the Habitual Offender Law, LSA-R.S. 15:529.1, makes no “measurable contribution to acceptable goals of punishment” or that the sentence amounted to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime,” the court has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. In State v. Johnson, 97-1906 (La. 3/4/98), 709 So.2d 672, 676-77, the Louisiana Supreme Court re-examined the' issue of when Dorthey permits a downward departure from the mandatory minimum sentences in the Habitual Offender Law. A sentencing court must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is ' constitutional. A court may only depart from the minimum sentence if it finds clear and convincing evidence in the particular case before it that rebuts this presumption of constitutionality. A trial court may not rely solely upon the non-violent nature of the instant or prior offenses as evidence that justifies rebutting the presumption of constitutionality. While the classification of a defendant’s instant or prior offenses as nonviolent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. Johnson, 709 So.2d at 676. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that, because of unusual circumstances, this' defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Given the legislature’s constitutional authority to enact statutes such as Ifithe Habitual Offender Law, it is not the sentencing court’s role to question the legislatures wisdom in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates the constitution. Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations. Johnson, 709 So.2d at 676-77. Under LSA-R.S. 14:402(G), the maximum sentence for possession of contraband in a state correctional institution, is five years. For a third-felony habitual offender under LSA-R.S. 15:529.1(A)(3)(a), the sentencing range is not less than two-thirds of the longest possible sentence and not more than twice the longest-possible sentence. Accordingly, in this case, the defendant’s sentencing range as a third-felony habitual offender was not less than 3.33 years and not more than 10 years.[2] At sentencing, the trial court stated: Based on what this offense was and your prior record, I don’t feel the maximum is appropriate. However, I will sentence you to eight years at hard labor with the Department of Corrections, that’s without benefit of probation or suspension of sentence. Contrary to the defendant’s argument, he was not sentenced to eight years imprisonment for possession of contraband in a state correctional institution. Rather, he received this enhanced, sentence because of his .continued lawlessness as a repeat offender. The major reasons the Legislature passed the Habitual. Offender Law were to deter and punish recidivism. Under this statute, a defendant with multiple felony convictions is treated as a recidivist who is to be punished for .his instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law, Johnson, 709 So.2d at 677, In brief, the defendant does not explain how his . circumstances are unusual or how he is exceptional. In any case, there is nothing particularly unusual about the defendant’s circumstances, that would justify a downward departure from the | ¿mandatory sentence under LSA-R.S. 15:529.1(A)(3)(a). The record before us establishes an adequate factual basis for the sentence imposed. The defendant has hot shown by clear and convincing evidence that he is exceptional such that the sentence is not meaningfully tailored to his culpability as the offender, the gravity of the offense, and the circumstances of the case. See Johnson, 709 So.2d at 676. Accordingly, no downward departure from the presumptively constitutional mandatory minimum sentence is warranted. The sentence imposed is not grossly disproportionate to the severity of the offense and, therefore, is not unconstitutionally excessive. The defendant’s counseled assignment of error is without merit. PRO SE ASSIGNMENT OP ERROR In his pro se assignment of error, the defendant argues that one of his predicate convictions used to adjudicate him a third-felony habitual offender should not have been used because that conviction was “not firm and’ should be overturned[.]” In this case, to establish the defendant’s status as a third-felony habitual offender, the State used two predicate convictions in the habitual offender hearing, namely, illegal use of a weapon and possession of cocaine. For the possession of cocaine charge, the defendant -entered an Alford plea[3] in 2010. In his pro se brief, the defendant argues that this plea should be overturned because the confidential informant in that case was “non-existent.” According to the defendant, his arrest report was built “upon fabricated and fanc[i]ful tales.” Further, the defendant suggests, when a confidential informant’s identity is not revealed, the “charges should be quashed.” . -This assertion is baseless. The defendant’s collateral attack here of a predicate conviction, based on alleged insufficient evidence, is improper. For á guilty plea to be used as a basis for actual imprisonment, enhancement of. actual |./imprisonment, or--conversion of a subsequent misdemeanor into a felony, the trial court must inform-the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The court must also ascertain that the accused understands what the plea connotes and its consequences. If the defendant denies the allegations of the bill of information, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when it was taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a proeeduraPirregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. To meet this requirement, the State may rely on a contemporaneous record of the guilty plea proceeding, i,e., either the transcript of the plea or the minute entry. State v. Henry, 00-2250 (La. App. 1 Cir. 5/11/01), 788 So.2d 535, 541, writ denied, 01-2299 (La. 6/21/02), 818 So.2d 791. See State v. Shelton, 621 So.2d 769, 779-80 (La. 1993); State v. Carson, 527 So.2d 1018, 1020 (La. App. 1 Cir. 1988). At the defendant’s habitual offender hearing, the State introduced a certified pen pack of the defendant’s predicate convictions, including his possession of cocaine conviction. The pen pack included the defendant’s name, his photograph, and his fingerprints. Although this exhibit is not in the appellate record, the habitual offender hearing transcript shows the trial court considered the pen pack and found that the State sufficiently, established the defendant’s possession of cocaine conviction. Moreover, after having initially denied the charges in the habitual offender bill of information, the defendant took the stand at the habitual offender hearing in January of 2017 and admitted that both of the predicate convictions were his convictions. The defendant presented no affirmative evidence at the habitual offender hearing that would indicate an infringement of his rights or a procedural irregularity. See State v. Clesi, 07-0564 (La. 11/2/07), 967 So.2d 488, 489-90 (per curiam). Thus, the State proved the defendant’s predicate convictions, and the trial court correctly adjudicated the defendant to be a third-felony habitual offender. Accordingly, the defendant’s pro se assignment of error is without merit. CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED,. . While the defendant did not file a motion to reconsider sentence, he did object to his enhanced sentence as excessive at the habitual offender hearing. This assignment of error, therefore, is properly before us for review. See State v. Bickham, 98-1839 (La. App. 1 Cir. 6/25/99), 739 So.2d 887, 891. . The defendant, thus, is confused in his brief when he argues both that he is entitled to less than the mandatory minimum sentence and that the "original four year sentence was appropriate.” . Under North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970), an individual accused of a crime may voluntarily, knowingly, and understandably consent to the imposition of a prison sentence even if he 'is unwilling to admit his participation in the acts constituting the crime.