CRAIN, Judge.
Defendant, Gary Verrett, was charged by bill of information with third offense DWI, in violation of La.R.S. 14:98. Defendant filed a Motion to Quash the bill of information, which was granted after a hearing. The State has appealed the ruling of the trial court.
In its sole assignment of error, the State submits that the trial court was “overtech-nical” in its application of the “strictures” of State v. Tucker, 405 So.2d 506 (La.1981), when it failed to “give effect to” the testimony of the Clerk of City Court of Morgan City in its determination of whether or not defendant had been adequately advised of his constitutional rights in each of the two prior convictions.
Defendant claims that the ruling of the trial court is correct because the record fails to affirmatively show that defendant tendered pleas of guilty while fully aware of his constitutional rights and of the consequences of the guilty pleas. Defendant states that the minute entries do not reflect compliance with the dictates of State v. Jones, 404 So.2d 1192 (La.1981), and that the signed guilty plea forms are not properly executed nor authenticated as contemporaneously executed' at the time the guilty pleas were tendered.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable, and (c) his right to confront his accuser. The trial judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192, 1196 (La.1981). This rule applies to guilty pleas entered after September 24, 1981, the date on which the State v. Jones, decision became final. State v. Moore, 416 So.2d 1298, 1299 (La.1982).
It is the State’s burden to show that the defendant’s plea was taken in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that the defendant expressly and knowingly waived his rights. State v. Santiago, 416 So.2d 524 (La.1982); State v. Ayres, 509 So.2d 763 (La.App.2d Cir.1987). A trial judge has a duty to determine that the defendant is expressly and knowingly waiving his constitutional rights in entering his plea. See State v. Godejohn, 425 So.2d 750, 751 (La.1983); State v. Williams, 384 So.2d 779, 781-82 (La.1980). In order to enhance a penalty, the State must affirmatively prove that the defendant had the benefit of counsel, or waiver thereof, and that he was fully examined in a Boykin hearing by the trial court. The State may rely upon either the transcript of the plea of guilty or the minute entry. State v. Bland, 419 So.2d 1227, 1232 (La.1982). While a colloquy between the trial judge and the defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensable when the record contains some other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93, 104 (La.1984).
The bill of information charging defendant with third offense DWI lists two prior convictions in the City Court of Morgan City. Defendant is charged with having pled guilty to first offense DWI on December 20, 1982 and to second offense DWI on August 22, 1983. The State introduced a minute entry pertaining to each of the predicate convictions and two signed guilty plea-rights waiver forms. The forms are signed by defendant only and are not dated, nor do they bear a docket number by which they might be identified.
Mary Sampey, Clerk of the City Court of Morgan City, testified that the rights forms were stapled to defendant’s files. She stated that the minute entries which reflect a colloquy between the judge and defendant (S-l and S-2), were produced by her on September 29, 1987, and that the entries were not a transcription of the actual proceedings. The original and authentic minute entries (D-l and D-2), simply state that defendant was “advised of his rights.” *810 Ms. Sampey conjectured that the minute entries reflecting a colloquy were produced on a word processor pursuant to a command entered into the computer as “advised of rights.” She acknowledged that these entries (S-l and S-2) are not the original minute entries.
Ms. Sampey testified that the City Court judge read the rights form aloud to each defendant desiring to plead guilty. She stated that an uncounseled guilty plea was unacceptable unless the judge satisfied himself that the defendant understood each and every right read to him. Ms. Sampey testified that, based upon past experience, she was certain the same procedure had been followed with defendant herein.
To satisfy the requirements of Boy-kin, there must be an affirmative showing in the record that the accused at the time he entered his guilty plea knowingly and voluntarily waived his constitutional privilege against self-incrimination, right to trial by jury, and right to confront his accusers. See Jones, 404 So.2d at 1196. In State v. Dunn, 390 So.2d 525 (La.1980), the Supreme Court suggested that a “plea of guilty form” may be considered in determining whether the defendant was adequately informed of his rights. In Dunn, the trial judge failed to specifically refer to defendant’s privilege against self-incrimination; but the representations contained in a plea form initialed and signed by defendant were considered. The trial judge had questioned defendant about his understanding of the plea of guilty form, which contained an express waiver of his privilege against self-incrimination. The Supreme Court held that the facts supported a “sufficient affirmative showing in the record of an express and knowing waiver of defendant’s privilege against self-incrimination.” State v. Tucker, 405 So.2d 506, 509 (La.1981), citing State v. Dunn.
In the instant case, defendant was not represented by counsel when he pleaded guilty to each of the two prior DWI charges. He allegedly executed a printed “waiver of rights” form contemporaneously with each guilty plea. The forms indicate a waiver of the right to trial, confrontation, privilege against self-incrimination, and counsel. The following sentence was stricken and initialed “G.V.”:
I am represented by _, attorney-at-law in this case, and he/she has explained these rights to me.
The defendant’s signature line is signed “Gary Verrett;” however, the judge’s signature line is blank. The forms are not dated and do not bear a docket number.
We are unable to say that the forms introduced by the State herein are well-executed “waiver of rights” forms. The waiver forms are not signed by the trial judge, and the minute entry does not indicate that defendant’s constitutional rights were explained and that he understood those rights.
Under the circumstances of this ease, we are compelled to conclude that the trial court correctly granted the defendant’s Motion to Quash the bill of information charging him with third offense DWI based upon the predicate convictions discussed herein.
AFFIRMED.