619 So.2d 184 (1993)
STATE of Louisiana
v.
Jimmie MORRIS.
No. CR92-269.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*185 Morgan J. Goudeau, III, Opelousas, for plaintiff-appellee State of La.
Charles Addison Riddle, III, Marksville, for defendant-appellant Jimmie Morris.
Before DOMENGEAUX, C.J., and YELVERTON and SAUNDERS, JJ.
DOMENGEAUX, Chief Judge.
This case is before us on remand from the Supreme Court. In our earlier opinion, State v. Morris, 607 So.2d 1000 (La.App. 3d Cir.1992), we reversed the defendant's conviction for DWI, third offense, finding as an error patent that the record failed to establish a valid waiver of his right to a trial by jury. On March 12, 1993, the Supreme Court granted the defendant's application for supervisory writs and issued the following per curiam opinion:
Application Granted.
The court of appeal reversed relator's conviction of DWI, third offense, based on the absence of evidence that relator knowingly waived his right to a jury trial.
Nevertheless, the court of appeal erred in pretermitting relator's contention that the evidence was insufficient to prove the validity of the earlier convictions, which is an essential element of the charged crime. If relator prevails on these assignments of error, he is entitled to a reduction of the grade of the charged offense and cannot be retried for the more serious crime. State v. Johnson, 541 So.2d 818 (La.1989).
Accordingly, the judgment of the court of appeal is set aside insofar as the judgment pretermitted a ruling on the sufficiency of the evidence. The case is remanded to the court of appeal to review the sufficiency of the evidence of the earlier convictions. If one or more of the earlier convictions was not proved beyond a reasonable doubt, the court of appeal should discharge relator accordingly and order retrial only on the lesser grade of the charged offense. (Footnote omitted.)
615 So.2d 327.
Defendant, Jimmie Morris, was charged with third offense, operating a motor vehicle while under the influence of alcohol, in violation of La.R.S. 14:98. Two prior guilty pleas to DWI, first offense, entered in Avoyelles Parish on August 28, 1986 and on May 5, 1987, were listed as the predicate offenses to the charged offense. Prior to trial, the defendant filed a motion to quash the indictment, which the trial court denied. After a bench trial, the defendant was found guilty as charged. The defendant appealed his conviction, assigning as errors the denial of his motion to quash, the finding that the State proved he was the same person convicted of the two prior offenses, and the finding that he knowingly waived his privilege against self-incrimination and his right to confront his accusers. In our prior opinion, we did not discuss the specific assigned errors because of our finding of patent error, as discussed above. On remand, the Supreme Court has instructed us to consider the defendant's arguments that the evidence was insufficient to prove the validity of the earlier convictions.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable, and (c) his right to confront his accuser. The trial judge must also ascertain that the accused understands what the plea connotes *186 and its consequences. State v. Jones, 404 So.2d 1192, 1196 (La.1981).
It is the State's burden to show that the defendant's plea was taken in compliance with the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) that the defendant expressly and knowingly waived his rights. State v. Santiago, 416 So.2d 524, 526 (La. 1982). To meet its burden, the State may rely on either the transcript of the plea or the minute entry. State v. Bland, 419 So.2d 1227, 1232 (La.1982). While the colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensable when the record contains some other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93, 104 (La.1984).
Additionally, when an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. State v. Strain, 585 So.2d 540 (La.1991).
At trial, the State introduced the minute entries for the two prior DWI convictions. The two minute entries are essentially identical, except for the notation that for the first conviction of August 28, 1986, the defendant was represented by retained counsel, but for the second conviction of May 5, 1987, the defendant was unrepresented. The minute entries provide in part:
Before accepting his plea of GUILTY, the Court fully advised the defendant of all his rights and privileges under the law. Questions were propounded by the Court and answers were given by the defendant thereto, which colloquy was recorded and same made a part of these Minutes by reference.
The State did not introduce a transcript of the colloquy or other evidence showing a knowing and voluntary waiver of constitutional rights, such as a waiver of rights form. It has been held that the State may not rely upon a minute entry which refers only to certain unspecified rights to meet its burden of showing a knowing and voluntary waiver. See State v. Santiago, supra; State v. Verrett, 536 So.2d 808 (La. App. 1st Cir.1988). Compare these cases with the minute entry in State v. Bland, supra, which reflects a "full Boykin inquiry."
Based upon the above jurisprudence, we are forced to conclude that the State failed to make an affirmative showing of a knowing and voluntary waiver as required by State v. Jones, supra. Additionally, the minute entry for the uncounseled guilty plea fails to establish that the trial judge inquired into the defendant's age, education, background and competency, as required by State v. Strain, supra.
The defendant's conviction of DWI, third offense, is reversed based upon our finding that the State failed to prove the validity of the two predicate offenses to the crime charged. In accordance with the instructions from the Supreme Court, this case is remanded to the trial court for retrial on the lesser grade of DWI, first offense.
REVERSED AND REMANDED.