1 SULLIVAN, J.
This matter is before us on remand from the supreme court. In our prior opinion, State v. Clark, 97-1064 (La.App. 3 Cir. 4/1/98); 711 So.2d 738, we found the evidence sufficient to support Defendant’s conviction of D.W.I., fourth offense, but we noted as a patent error the absence of a waiver of trial by jury in the record. Without affirming or reversing Defendant’s conviction, we remanded the case for an evidentiary hearing on whether Defendant knowingly and intelligently waived this right. The State sought a writ from the supreme court, attaching to its application a supplemental transcript and corrected minute entry, both of which had been omitted from the original record. The supreme court granted the State’s application and remanded the matter to this court for reconsideration in light of the supplemental materials. State v. Clark, 98-1180 (La.9/25/98); 726 So.2d 2.
| ¡After reviewing the corrected minute entry, supplemental transcript, and an affidavit from the clerk of the district court, we find that the record now contains “an adequate and acceptable waiver.” See State v. Tyler, 544 So.2d 495, 498 (La.App. 2 Cir.1989). The corrected minute entry for January 23, 1997, the day before Defendant’s trial, reflects that “John Brown, Esq. appears on behalf of the defendant and announces present for trial. THEREAFTER, Mr. Brown advises the Court that the defendant will waive his right to trial by jury.” The supplemental transcript includes the following colloquy with the notation that Defendant was present in court:
MR. KIMBALL: (Assistant District Attorney)
So, we are left with ... Johnny Clark. And it’s" my understanding that the defense is going to waive trial by jury in that matter.
*650 MR. BROWN:
That’s right, Judge.
THE COURT:
Okay. And that’s it? I can turn my jurors loose?
MR. KIMBALL:
That’s right. After David Jenkins pleads, the only thing will be a nonju-ry trial.
[[Image here]]
MR. KIMBALL:
That’s all I have, except for Johnny Clark. When do you want to do the nonjury—
THE COURT:
This afternoon, tomorrow, whenever you want.
|aMR. KIMBALL:
My only problem is getting witnesses — because whenever I have a standby pending, picking a jury on Monday—
THE COURT:
Tomorrow morning at 9:00 o’clock. MR. BROWN:
That’s fine with me.
In Tyler, 544 So.2d 495, the second circuit found a knowing and intelligent waiver under substantially similar circumstances, i.e. where a supplemental minute entry and transcript reflected a waiver by defense counsel in open court in defendant’s presence. Although noting that the record did not reflect the most preferable method of waiving a jury trial, the court stated:
An accused need not personally waive his right to jury trial in an exchange with the judge. A waiver by defense counsel in open court and in defendant’s presence, as reflected above, is valid and sufficient. See State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979). See also State v. Gillespie, 486 So.2d 984 (La.App. 2d Cir.1986).
Id. at 498.
Our prior opinion also recognized as patent error the failure of the trial court to give Defendant credit for time served prior to imposition of sentence. This omission can be corrected on remand with instructions that the trial court amend the commitment and minute entry of the sentence to reflect credit for time served.
Decree
For the above reasons, Defendant’s conviction and sentence are affirmed, and the case is remanded with the instructions outlined above.
LAFFIRMED; REMANDED WITH INSTRUCTIONS.