1,YELVERTON, J.
Défendant Tyrone Dorsey was previously before this court appealing a conviction of possession of contraband in a correctional facility, a violation of La.R.S. 14:402. In an unpublished opinion we found that the record failed to show that the Defendant waived his right to a jury trial. The record showed that after being advised of this right at arraignment, the Defendant was given 15 days to decide what he want *110 ed to do. His attorney filed a written motion for a bench trial, but it was signed only by the attorney. The motion was not filed in open court, nor was there any record evidence that it was signed in open court. It was mailed to the judge from the attorney’s office and apparently signed in chambers. From these facts, we found that the record was silent as to a knowing and intelligent waiver. We cited law that such a waiver cannot be presumed. Because the filing of a formal motion by the Defendant’s counsel was some indicia in the record of a waiver, we remanded for an evidentiary hearing to determine whether the Defendant knowingly and intelligently waived his right to a jury trial.
On October 28, 1999, the district court held the required evidentiary hearing; the Defendant was the sole witness who testified. The court found that the Defendant had knowingly and voluntarily waived his right to a jury trial.
The Defendant now appeals that ruling.
ASSIGNMENTS OF ERROR NOS. 1 and 2
The Defendant’s appellate argument combines his two assignments. His first argument questions the lower court’s ruling that he knowingly and intelligently waived his right to a jury trial, contending that the State presented “minimal evidence” on the issue. His second assignment argues that his original trial counsel’s | amotion to request a bench trial did not constitute a knowing and intelligent waiver of his right. We have already ruled on the second argument, favorably to the Defendant. The motion did not bear the Defendant’s signature and was not signed in open court. We remanded because we did not think the motion constituted a showing that the Defendant understood his right and consented to such a waiver.
We will consider the Defendant’s first argument. Recent jurisprudence has repeatedly affirmed the procedure used in this case, ie., remand for an evidentiary hearing to determine whether a defendant validly waived the right to jury trial. See, e.g., State v. Nanlal, 97-0786 (La.9/26/97); 701 So.2d 963, and State v. Clark, 97-1064 (La.App. 3 Cir. 4/1/98); 711 So.2d 738, writ granted and remanded, 98-1180 (La.9/25/98); 726 So.2d 2, on remand, 97-1064 (La.App. 3 Cir. 11/25/98); 735 So.2d 649. At such a hearing, the State bears the burden to show the waiver. State v. Talley, 572 So.2d 230 (La.App. 1 Cir.1990).
The only witness was the Defendant. During his testimony, the following colloquies took place:
Q. And November 18 th, 1996, do you recall pleading not guilty to the charge?
A. Yes sir.
Q. Do you also remember being informed of your right to a trial by a jury or the judge alone?
A. I guess, I don’t know, I’m not sure.
Q. If the record reflects that you were informed of your right to trial by jury or by the judge alone, you wouldn’t have any reason to argue with that, would you?
A. I know they told me I had a choice, either choice to make. I don’t know what’s the difference or what was the difference.
* * * * * *
laQ. Okay. Do you recall speaking to Mr. Spears in particular about your rights concerning who you wanted to go to trial before? Whether you wanted to go to trial before a jury or before the judge?
A. No sir because I really didn’t know I had a choice to a matter, I never been to trial before.
Q. Mr. Dorsey, you’re telling me that your attorney never told you that you had the right to a trial before a judge or a jury? Is that what you’re saying?
A. He could have.
Q. He could have?
*111 A. I don’t remember.
Q. Okay.
A. If you ask me now, I don’t think he did. (EXACTLY AS STATED)
Q. But you just don’t remember it?
A. It’s possible.
Q. Now Mr. Dorsey, you’re no stranger to the judicial system, are you?
A. No sir.
Q. This is not your first rodeo?
A. No sir.
Q. In fact, you were convicted on August 12th, 1991, in the 9 th Judicial District in Alexandria, you were convicted of a simple burglary charge, weren’t you?
& ‡ & # ❖ %
Q. Nevertheless you’ve appeared in at least-before this charge, before this charge in Vernon Parish, before the marijuana in the correctional facility, in Rapides Parish, you appeared with two or three different attorneys before two or three different judges, correct, for arraignment?
A. Yes sir.
j4Q. And you were informed at that time, all three times, that you had a right to a trial by a jury or a judge alone, correct?
A. Yes sir.
Q. You knew that and you could make that election, correct?
A. Yeah.
Hi * H; ‡ ‡ #
Q. Mr. Dorsey, I’m going to show you what I’ve marked as S-2, this is page 34 of the appellate record, I guess, by reference. I’ll show you what’s — this is a motion — it’s in part of the appellate record before the Court of Appeal. This is styled Motion to Request Bench Trial, this is a document that your attorney, Mr. Spears, Clifton Spears, Jr., filed on your behalf. Have you ever seen this before?
A. No sir.
At the close of the hearing, the judge made the following comments:
BY THE COURT:
... All right now, I think I have enough to reach a decision in this. I find it’s reasonable to conclude that — in fact, Mr. Dorsey’s own testimony indicated that he understood he had the right to elect between a judge or a jury. I find that he was advised that he had a right to a jury trial at arraignment in this case. The evidence that I have from Rapides Parish does not indicate that anything with — it just says right to trial. It doesn’t say jury or otherwise. That’s the only court minutes that I have of this proceeding unless there’s other evidence that I’m not aware of. I believe, based on the testimony of the defendant, the Court can find that this defendant was aware that he had a right to a trial by a jury and that that right was waived by the filing of the motion and I will make a report to the Third Circuit to that effect in compliance with the Court’s order and in compliance with the Court’s order or ruling.
We are constrained to disagree with the learned trial judge on the effect of the evidence presented by the State at the hearing on remand. There is no more evidence in the record now than there was when we remanded it, to indicate an effective waiver of this fundamental right. We must conclude that the State failed to bear its burden of proof.
|RIn State v. Morris, 607 So.2d 1000 (La.App. 3 Cir.1992), writ granted and judgment set aside in part on other grounds and remanded, 615 So.2d 327 (La.1993), on remand, 619 So.2d 184 (La.App. 3 Cir.1993), a case much like the present case, the court found that the Defendant had not waived his right to a jury trial. A written motion signed by defendant’s counsel waiving a jury trial was filed. Although this was done in open court, the defendant and his counsel were not present. The court *112 stated that “[although the Supreme Court has permitted a waiver to be made by defense counsel, in such instances the defendant was present in court with his attorney when the waiver was made, and his failure to object at that time was construed to be a waiver.... ” Id. at 1001 (citing State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979)).
Just as in State v. Morris, the Defendant was not in court when the written motion was filed. The only reference to the written motion was the Defendant’s denial that he had ever seen it.
The presumption against a waiver has not been rebutted. The record still does not indicate that the Defendant knowingly and intelligently waived his right to a trial by jury. We reverse his conviction, vacate and set aside his sentence, and remand the case to the trial court for further proceedings according to law.
REVERSED AND REMANDED.