STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-83

STATE OF LOUISIANA

VERSUS

BEN JAMES THOMPSON

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 46373
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Shannon J. Gremillion, Judges.

**Painter, J., dissents and assigns written reasons.**

AFFIRMED AND REMANDED
FOR EVIDENTIARY HEARING.

Michael Harson
District Attorney – 15th Judicial District Court
P. O. Box 3306
Lafayette, LA 70502-3306
Telephone: (337) 232-5170
COUNSEL FOR:
      Plaintiff/Appellee - State of Louisiana

Ted L. Ayo
Assistant District Attorney – 15th Judicial District Court
100 North State Street – Suite 215
Abbeville, LA 70510
Telephone: (337) 898-4320
COUNSEL FOR:
      Plaintiff/Appellee - State of Louisiana

**Yigal Bander**
**André Robert Bélanger**
**Manasseh, Gill, Knipe & Bélanger**
**8075 Jefferson Highway**
**Baton Rouge, LA 70809**
**Telephone: (225) 383-9703**
**COUNSEL FOR:**
      **Defendant/Appellant - Ben James Thompson**

**THIBODEAUX, Chief Judge.**

Defendant Ben James Thompson was convicted of armed robbery with the use of a firearm, a violation of La.R.S. 14:64 and 14:64.3, after a bench trial.[1]

The trial court sentenced Defendant to twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The trial court also sentenced him to an additional five years for using a firearm, which the court ordered to run consecutively to his sentence for armed robbery. The trial court denied Defendant's Motion to Reconsider Sentence.

Defendant contends he did not validly waive his right to trial by jury, and he asserts that his sentence is excessive. For the following reasons, we conditionally affirm Defendant's conviction and sentence and remand this case to the trial court for an evidentiary hearing to determine whether Defendant knowingly and intelligently waived his right to trial by jury.

I.

**ISSUES**

We shall consider whether:

(1) Defendant validly waived his right to a trial by jury; and

(2) Defendant's sentence for armed robbery is excessive.

II.

**FACTS AND PROCEDURAL HISTORY**

The State charged Defendant with armed robbery with the use of a firearm. Defendant allegedly entered the Food-N-Fun in Kaplan, Louisiana while armed with a gun and demanded money from the cashier. Defendant stipulated that he entered and robbed the cashier at the convenience store, but he denied he was

---

[1]Before the start of the trial, defense counsel filed a Motion and Order to Waive Jury Trial. The trial court granted the motion.

armed with a weapon. He also contested that he used force or intimidation while committing the offense.

III.

## LAW AND DISCUSSION

### *Waiver of Trial by Jury*

In his first assignment of error, Defendant contends he did not validly waive his right to trial by jury. Though the trial court granted Defendant's Motion, Defendant now contends nothing in the record establishes he knowingly and intelligently waived his right to a jury trial.

The Motion at issue reads as follows:

> **ON MOTION OF**, of [sic] BEN JAMES THOMPSON, defendant herein, through undersigned Counsel and on suggesting to the Court that the trial of this matter, on the charge of Armed Robbery, is scheduled for trial on July 11, 2011 before the Honorable Durwood Conque; and further that the defendant received notice of the trial date on or about Tuesday, May 17, 2011 and that he desires to waive the jury in this matter and be tried before the Judge alone.

> **IT IS THEREFORE ORDERED**, that the jury be waived for the trial of this matter and that this matter be tried before the Court.

Defense counsel signed the Motion, and Judge Edward Broussard signed the order granting the Motion.[2]

The verification of the Motion, signed by Defendant, reads:

> **BEFORE ME**, the undersigned Notary Public personally came and appeared **BEN JAMES THOMPSON**, who is the mover in the foregoing Motion and Order to Waive Jury Trial, who declared that he has read the same and that all of the allegations contained therein are true and correct.

Defendant asserts that nothing in the Motion or in the verification indicates that the right to a jury trial was explained to him, that he was told ten of

---

[2]Judge Broussard neither presided over Defendant's trial nor imposed his sentence.

2

twelve jurors would have to agree to a guilty verdict, or that he understood the consequences of his actions. Additionally, he points out that the order granting the waiver was not signed by the judge who presided over his trial but rather by Judge Broussard. Further, the trial court did not mention the waiver in Defendant's presence.

Defendant contends the State has the burden of proving a valid waiver of the right to a jury trial, and he argues that the record does not support a finding that a valid waiver exists. Thus, he asserts that his conviction and sentence should be reversed and the matter remanded for further proceedings.[3]

The State contends no jury was present at the commencement of trial, and Defendant voiced no objection to the lack thereof because he had knowingly and intelligently waived his right to a jury trial. The State contends that the waiver was irrevocable.

In *State v. Morris*, 607 So.2d 1000, 1001 (La.App. 3 Cir. 1992), *judgment set aside on other grounds*, 615 So.2d 327 (La.1993), this court set forth the general rule regarding waiver of a defendant's right to a jury trial:

> Our Louisiana Constitution of 1974, Art. I, section 17 entitles an accused to a trial by jury which he may relinquish except in capital cases. La.C.Cr.P. art. 780 repeats this right and provides that a defendant "may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment the defendant in such cases shall be informed by the court of his right to waive trial by jury." While one who is entitled to a jury trial may waive that right, such waiver shall not be presumed but must be established by a contemporaneous record setting forth the articulated appraisal of that right followed by a knowing and intelligent waiver by the accused. *State v. Smith*, 447 So.2d 4 (La.App. 3 Cir.1984).

---

[3]Defendant cites *State v. Dorsey*, 00-114 (La.App. 3 Cir. 6/7/00), 768 So.2d 109, in support of his claim that the State bears the burden of proof. Defendant's assertion is partially correct in that the State bears the burden of proof on remand in an evidentiary hearing to determine whether a valid waiver of the right to trial by jury was made. *Id.* at 110.

In *State v. Pierre*, 02-2665, p. 1 (La. 3/28/03), 842 So.2d 321, 322, the supreme court stated:

> Although it remains the preferred method for the district court to advise a defendant of her right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required. *See* La.C.Cr.P. art. 780; *State v. Kahey*, 436 So.2d 475, 486 (La.1983); *State v. Muller*, 351 So.2d 143, 146-47 (La.1977). Likewise, it is preferred but not necessary, for the defendant to waive her right to jury trial personally. *State v. Wolfe*, 98-0345, pp. 6-7 (La.App. 4th Cir.4/21/99), 738 So.2d 1093, 1097. Counsel may waive the right on the defendant's behalf, provided that the defendant's decision to do so was made knowingly and intelligently. *Id.*; *Kahey*, 436 So.2d at 486-87.

The issue of valid waiver of the right to trial by jury has been discussed by courts on numerous occasions. In *Pierre*, 842 So.2d at 322, the supreme court stated:

> In the instant case, the record reflects that counsel waived a jury trial on the defendant's behalf. On the second day of trial, the district court memorialized the defendant's earlier waiver in her presence. At this time, defense counsel stated that he and his client had discussed the waiver at length and on several occasions, and that both agreed to the waiver. In these circumstances, the court of appeal erred in its determination that the defendant did not waive her right to a jury trial knowingly and intelligently.

In *State v. Dorsey*, 00-114, p. 1 (La.App. 3 Cir. 6/7/00), 768 So.2d 109, 109-10, this court discussed its opinion in *State v. Dorsey*, an unpublished opinion bearing docket number 98-610 (La.App. 3 Cir. 12/9/98), as follows:

> In an unpublished opinion we found that the record failed to show that the Defendant waived his right to a jury trial. The record showed that after being advised of this right at arraignment, the Defendant was given 15 days to decide what he wanted to do. His attorney filed a written motion for a bench trial, but it was signed only by the attorney. The motion was not filed in open court, nor was there any record evidence that it was signed in open court. It was mailed to the judge from the attorney's office and apparently signed in chambers. From these facts, we found that the record was silent as to a knowing and intelligent waiver. We cited law that such a waiver

4

cannot be presumed. Because the filing of a formal motion by the Defendant's counsel was some indicia in the record of a waiver, we remanded for an evidentiary hearing to determine whether the Defendant knowingly and intelligently waived his right to a jury trial.

Similarly, in *State v. Zeringue*, 03-697 (La.App. 5 Cir. 11/25/03), 862 So.2d 186, *writ denied*, 03-3523 (La. 4/23/04), 870 So.2d 298, the fifth circuit concluded that a letter from defense counsel to the judge stating that the defendant chose to waive his right to a jury trial was not sufficient evidence that the defendant knowingly and intelligently waived his right to jury trial. The fifth circuit noted there was nothing indicating that defense counsel extensively discussed the right with the defendant or that he understood his right and knowingly and intelligently waived it. Additionally, the trial court had not accepted the waiver in the defendant's presence.

In *State v. Onstead*, 03-1413 (La.App. 5 Cir. 5/26/04), 875 So.2d 908, *appeal after remand*, 05-410 (La.App. 5 Cir. 1/17/06), 922 So.2d 622, the trial transcript indicated defense counsel intended to waive a jury trial on the defendant's behalf by stating: "we would waive a jury trial in the matter and request that Mr. Onstead be tried by the Judge alone." *Id.* at 917. The fifth circuit noted that defense counsel did not refer to any discussion with Onstead on the issue; thus, there was no indication on the record that Onstead knowingly and intelligently waived his right to a jury trial.

Though the facts of these cases differ slightly from Defendant's case, the similarities within them indicate that questions remain as to whether Defendant knowingly and intelligently waived his right to a trial by jury. Specifically, the minutes of the motion hearing do not indicate that he was informed of his right to trial by jury at arraignment. The remaining minutes also fail to mention the right to trial by jury. The trial court did not accept the waiver in Defendant's presence, and the Order attached to the Motion was not signed by the judge who tried him. Further, the transcript of Defendant's trial does not indicate the trial court discussed the waiver

5

filed in the record or inquired about his waiver of trial by jury. Although Defendant signed the verification of the Motion, nothing indicates defense counsel extensively discussed the right to jury trial with him or that he understood his right and knowingly and intelligently waived it.

Because the filing of a formal motion by Defendant's counsel is some indicia in the record of a waiver, though inconclusive, we remand this case to the trial court for an evidentiary hearing to determine whether he knowingly and intelligently waived his right to a jury trial. *See State v. Nanlal,* 97-786 (La. 9/26/97), 701 So.2d 963.

In *State v. R.W.W.*, 06-1253, pp. 13-14 (La.App. 3 Cir. 3/7/07), 953 So.2d 131, 138-39, this court discussed the remand procedure for evidentiary hearings:

> For the above reasons, the defendant's convictions are conditionally affirmed on the evidence in the record on appeal. However, the case is remanded to the trial court for an evidentiary hearing to determine whether the jury reviewed the transcripts of the victims' interviews during deliberations and whether the defendant preserved this issue for review by timely objecting. If the trial court finds the question preserved and a sufficient La.Code Crim.P. art. 793 violation, the trial court must set aside the convictions and sentences and grant the defendant a new trial. The defendant may appeal from any adverse ruling on this issue, and in the absence of such appeal, this court affirms the defendant's convictions.

In accordance with the provisions outlined in *State v. R.W.W.*, 953 So.2d 131, we conditionally affirm Defendant's conviction and sentence.[4] We remand the case to the trial court to conduct an evidentiary hearing on the question of whether Defendant validly waived his right to a jury trial. If the evidence shows Defendant did not validly waive his right to a jury trial, the trial court must set aside his conviction and sentence and grant him a new trial. Defendant may appeal from any

---

[4]A more thorough discussion of our grounds for affirming Defendant's sentence may be found in the "Excessive Sentence" section of this Opinion.

6

adverse ruling on this issue. In the absence of such appeal, this court affirms his conviction and sentence for armed robbery with the use of a firearm.

### *Excessive Sentence*

Defendant contends a sentence totaling thirty years at hard labor without benefit of probation, parole, or suspension of sentence for a robbery where a gun was neither fired, pointed, nor brandished, the victim was not physically injured, and the entire incident lasted less than a minute, is grossly disproportionate and unconstitutionally excessive.

This court has set forth the following standard to be used when reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.
>
> *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331 (alteration in original) (citations omitted).

> In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:
>
> > [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar

7

> crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Clayton*, 10-1303, pp. 3-4 (La.App. 3 Cir. 5/4/11), 64 So.3d 418, 422, *writ denied*, 11-1015 (La. 11/4/11), 75 So.3d 923.

The trial court convicted Defendant of armed robbery with the use of a firearm. Armed robbery is punishable by imprisonment at hard labor for not less than ten and not more than ninety-nine years without benefit of probation, parole, or suspension of sentence. La.R.S. 14:64(B). Further, La.R.S. 14:64.3(A) provides that upon conviction of armed robbery with the use of a firearm, a defendant be imprisoned for an additional period of five years at hard labor without benefit of probation, parole, or suspension of sentence. The additional penalty imposed is to be served consecutively to the sentence imposed under La.R.S. 14:64. Defendant was sentenced to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. He was also sentenced to an additional five years for using a firearm, which was ordered to run consecutively to his sentence for armed robbery.

Courts around our state, including this one, have found that similar sentences for armed robbery were not excessive. In *State v. Smith*, 01-2574 (La. 1/14/03), 839 So.2d 1, the supreme court affirmed a forty-year sentence imposed on a first offender for a conviction of armed robbery. The supreme court noted "[t]his sentence is within the thirty-five to fifty-year range this Court has found acceptable

for first offenders convicted of armed robbery. *State v. Thomas*, 98-1144, p. 2 (La. 10/9/98), 719 So.2d 49, 50; *State v. Augustine*, 555 So.2d 1331, 1332 (La.1990) and the cases cited therein." *Id.* at 4.

In *State v. Gordon*, 11-898 (La.App. 3 Cir. 2/22/12), 85 So.3d 242, this court found the first felony offender's sentence of forty years for armed robbery was not excessive. In *State v. Jefferson*, 40,439 (La.App. 2 Cir. 1/27/06), 920 So.2d 984, the second circuit found the first-offender's sentence of thirty years for armed robbery plus an additional five years for a firearm enhancement was not excessive. Similarly, in *State v. Price*, 04-812 (La.App. 5 Cir. 3/1/05), 909 So.2d 612, the fifth circuit found a forty-year sentence for armed robbery with a firearm was not unreasonably excessive. Finally, in *State v. Hartwell*, 03-1214 (La.App. 5 Cir. 1/27/04), 866 So.2d 899, *writ denied*, 04-448 (La. 6/25/04), 876 So.2d 832, the fifth circuit found concurrent terms of thirty-five years imprisonment plus an additional five years for the use of a firearm was not excessive for a first offender found guilty of two counts of armed robbery.

The State did not present any evidence indicating the Defendant had any prior convictions, and no pre-sentencing investigation was ordered. We presume, then, that the trial court considered the Defendant to be a first offender. Further, the only information provided regarding Defendant's circumstances were his own remarks to the trial court at the sentencing hearing. At that time, Defendant stated:

> I would like to just, first of all, issue a formal apology to
> Ms. Theresa Abshire. I was mourning the death of a best
> friend at that time, and I let drugs and alcohol take over
> my life. I never intended to hurt anybody, but, in any
> case, I did. And for that, I'm sorry.

Defendant argues that his sentence of twenty-five years is harsh; however, under the provisions of La.R.S. 14:64(B), Defendant could have received up

to ninety-nine years of imprisonment at hard labor for his crime.[5] Sadly, Defendant's reliance on drugs and alcohol placed him in this position. Though we sense that he is remorseful, past jurisprudence dictates that Defendant's sentence is well within the reasonable limits for the crime and is not excessive.

IV.

## DISPOSITION

We conditionally affirm Defendant's conviction and sentence for armed robbery but remand the case to the trial court for an evidentiary hearing on the issue of whether Defendant validly waived his right to a trial by jury. If the evidence shows Defendant did not validly waive his right to a jury trial, the trial court must set aside his conviction and sentence and grant him a new trial. Defendant may appeal from any adverse ruling on this issue, and in the absence of such appeal, this court affirms Defendant's conviction and sentence for armed robbery with the use of a firearm.

**AFFIRMED AND REMANDED FOR EVIDENTIARY HEARING.**

---

[5] Moreover, an additional five years at hard labor would have been mandatorily added because Defendant used a firearm in the commission of the crime. La.R.S. 14:64.3(A).

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-83

STATE OF LOUISIANA

VERSUS

BEN JAMES THOMPSON

**PAINTER, Judge, dissents and assigns written reasons.**

The majority proposes to conditionally affirm Defendant's conviction and sentence and remand the matter for an evidentiary hearing to determine whether Defendant validly waived his right to a jury trial. I disagree that the affirmation of the conviction and sentence should be conditional. I would find that no remand is necessary because I am of the opinion that the evidence is sufficient to show that the waiver was valid.

In this case, Defendant, through counsel, filed a Motion and Order to Waive Jury Trial, indicating that he wished to waive the jury and have the matter tried by a judge. Defendant signed a verification of the motion which "declared that he has read the same and that all of the allegations contained therein are true and correct." Defendant was present at the start of his trial, and he made no objection to the fact that no jury was present. Even so, Defendant now contends that the waiver is not valid because there is nothing in the record to establish that the waiver was knowing and intelligent.

In *State v. Wolfe*, 98-345 (La.App. 4 Cir. 4/21/99), 738 So.2d 1093, *writ denied*, 99-1460 (La. 12/10/99), 756 So.2d 281, *cert. denied*, 529 U.S. 1115, 120 S.Ct. 1976 (2000), in finding that the waiver of trial by jury was valid even though the trial court did not confer with defendant prior to acceptance of the waiver, the fourth circuit relied upon the fact that the defendant made no objection to his counsel's oral waiver of the

right to trial by jury when responding to the court's inquiry as to the mode of trial. The fourth circuit also noted that the Louisiana Supreme Court has affirmed a waiver in similar circumstances. *See State v. Phillips*, 365 So.2d 1304 (La.1978).

In this case, Defendant had the opportunity to object to the waiver at two distinct points and failed to do so. First, he signed a verification of a Motion and Order to Waive Jury Trial, and then he did not object to the fact that no jury was present at the start of his trial. Therefore, I would find the waiver valid and affirm Defendant's conviction and sentence.